# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| Mark D. Brackney, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4-11-cv-00527-FJG |
| Farmers Insurance Exchange, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Currently pending before the Court is Plaintiff's Motion to Remand (Doc. No. 8).

### I. BACKGROUND

This is an action against Farmers Insurance Exchange for failure to pay underinsured motorist benefits following a July 5, 2007, car accident. Plaintiff brought suit in the Circuit Court of Jackson County, Missouri, seeking underinsured motorist benefits under his insurance policy with Farmers. Plaintiff is a resident of Kansas, and Farmers is a California corporation with its principal place of business in California.

Defendant removed this case based on diversity jurisdiction on May 24, 2011. (Doc. No. 1). Plaintiff then filed a motion to remand on June 20, 2011, challenging the removal for lack of diversity jurisdiction. (Doc. No. 8). Plaintiff characterizes his claim as a "direct action" under 28 U.S.C. § 1332(a), and under that provision, Farmers should be considered a citizen of Kansas, destroying diversity and necessitating remand.

### II. STANDARD

It is the defendant's burden to prove that removal is proper and that all prerequisites

are satisfied. See generally, Hatridge v Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assurance Co. Of America, 992 F.2d 181, 183 (8th Cir. 1993).

## III. DISCUSSION

Plaintiff characterizes his claim for uninsured motorist coverage as a "direct action" against his insurer. As such, he argues that under 28 U.S.C. § 1332(c)(1), Farmers must be deemed to be a citizen of the state of its insured, which would destroy diversity jurisdiction in this case.

28 U.S.C. § 1332(c)(1) provides:

> a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. (Emphasis added).

This court recently considered the same argument presented by plaintiff here in Chinnock v. Safeco National Insurance Co., 2010 WL 2803056 (W.D. Mo. July 15, 2010). After examining the relevant case law, we held that "because plaintiff is suing her own insurer for underinsured motorist benefits and vexatious refusal to pay, this case is not a 'direct action' but is rather a contract action against her insurer." Id. at * 4. The insurance company was not deemed a citizen of the state of its insured and remand was not required. Id. Accord Dasta v Response Worldwide Ins. Co., 2010 WL 2902734 (W.D. Mo. July 20,

2010) (denying plaintiff's motion for remand, concluding that suit for uninsured and underinsured motorist benefits not a "direct action" under 28 U.S.C. § 1332(a)). Like the plaintiff in Chinnock, plaintiff here is suing his insurer for underinsured motorist benefits under his own policy. This action does not constitute a "direct action" against an insurance company under 28 U.S.C. § 1332(c)(1). Complete diversity remains between the parties, and the Court has jurisdiction over this action.

## IV. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion for Remand is **DENIED** (Doc. No. 8).

**IT IS SO ORDERED.**


Date: August 22, 2011                           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                                      Chief United States District Judge